IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | |
|---|---|
| TEKEYLA SINGLETON, | Civil Action No. |
| Plaintiff. | |
| v. | JURY TRIAL DEMANDED |
| WINGS CITI CAFÉ LLC, | |
| Defendant. | |

## **COMPLAINT**

COMES NOW Tekeyla Singleton ("Plaintiff" or "Ms. Singleton"), by and through her undersigned counsel, and files this Complaint against Defendant Wings Citi Café LLC ("Defendant"), showing the Court as follows:

## **NATURE OF COMPLAINT**

1.

Plaintiff brings this action for damages and reasonable attorney fees against the Defendant's violation of her rights under the Title VII of the Civil Rights Act of 1964, as amended ("Title VII") and the Civil Rights Act of 1991, 42 U.S.C. § 1981, et. seq. ("Section 1981").

## JURISDICTION AND VENUE

2.

Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. §§ 1331, and 28 U.S.C. §§ 1343.

3.

The unlawful employment practices alleged in this Complaint were committed within this district and division. In accordance with 28 U.S.C. § 1391, venue is appropriate in this Court.

4.

Defendant does business in this judicial district. Additionally, the unlawful employment practices committed by Defendant that form the basis of this lawsuit were committed within this district.

## ADMINISTRATIVE PROCEDURES

5.

Plaintiff has fulfilled all conditions precedent necessary to proceed with this cause of action under Title VII.

6.

Plaintiff filed a charge of discrimination with the EEOC on October 2, 2023; the EEOC issued its Notice of Right to Sue on March 27, 2024. Plaintiff timely files

this action within ninety (90) days of receipt of the Notice of Right to Sue from the EEOC.

## PARTIES

7.

Plaintiff is a Black citizen of the United States of America and is subject to the jurisdiction of this Court.

8.

Defendant is qualified and licensed to do business in Georgia, and at all times material hereto has conducted business within this District.

9.

During all times relevant hereto, Defendant has employed fifteen (15) or more employees for the requisite duration under the Title VII. Defendant is therefore covered under Title VII in accordance with 42 U.S.C. § 2000e(b).

10.

Defendant is an employer covered under Title VII in accordance with 42 U.S.C. § 2000e(b).

11.

At all times relevant to this Complaint, Plaintiff was employed by and was an "employee" of Defendant, as defined under Title VII, at 42 U.S.C. 2000e(f).

12.

Defendant is a Georgia corporation. Defendant may be served with process by delivering a copy of the summons and complaint to its Registered Agent, Yusef Ameer, located at 7370 Walton Way, Douglasville, GA 30135.

**FACTUAL ALLEGATIONS**

13.

Plaintiff began working for the Defendant on or around March 20, 2023, as a waitress.

14.

Plaintiff is a Black female.

15.

The Plaintiff's religion of choice is Jehovah's Witness.

16.

Company owner, Johnny Ameer, would consistently make comments about Plaintiff's religion.

17.

Specifically, when customers who were Jehovah's Witnesses would come into the restaurant after their religious meeting, Mr. Ameer would make the comment, "why do those people have to come in tonight?"

4

18.

Mr. Ameer would also tell the Plaintiff to not discuss her religion and would refer to her religion as "shit."

19.

In April 2023, the Plaintiff realized she was not being paid properly.

20.

Specifically, taxes were not being deducted from her paychecks; she was not being paid for working overtime; she was required to share her tips with other employees as well as Mr. Ameer; and she was asked to sign a payroll statement that did not accurately reflect her pay.

21.

When the Plaintiff inquired about her pay, Mr. Ameer informed her that he would contact his CPA to have the matter corrected; however no action was taken.

22.

After the Plaintiff made this complaint, Mr. Ameer became increasingly hostile towards the Plaintiff.

23.

On April 22, 2023, Mr. Ameer told the Plaintiff not to push her beliefs off on him and when Jehovah Witnesses come into the restaurant they need to get in and

get out. He also proceeded to tell the Plaintiff that he was previously married to a Black woman who was a Jehovah's Witness, and he had a disdain and dislike for her.

24.

On Aprl 28, 2023, the Plaintiff inadvertently left an order of fries off an order. Mr. Ameer proceeded to ask the Plaintiff if she was "fucking stupid or slow" for missing the fries.

25.

On May 6, 2023, the Plaintiff took an order for a group of women customers who frequented the restarant. The cook (Hispanic male) made a mistake and left an order of fries off an order. Mr. Ameer and the cook still blamed the Plaintiff for the error and cursed at her.

26.

The customers of the Plaintiff overheard Mr. Ameer and the cook berating the Plaintiff and told her she should quit, she did not deserve to be treated in that manner.

27.

On May 10, 2023, the Plaintiff reitrated that being a Jehovah Witness was her true faith, she was getting back to studying it whole heartedly and was in search of a Kingdom Hall (a place of worship for a Jehovah Witness). Mr. Ameer responded

with an attitude by stating, "You remind me of my ex-wife," rolled his eyes and walked off.

28.

Later that evening, the Plainiff made a mistake with an order which required the order to be re-made. This caused Mr. Ameer to become very upset and proceeded to tell the Plaintiff, "that is why I do not have Black people working for me." He further told the Plaintiff she does not listen and she does not understand shit.

29.

In July 2023, during one of the Plaintiff's shifts, she asked Mr. Ameer why he treated her differently than the other employees. He told her she was "stupid" and she needed to use her "fucking brain!"

30.

Mr. Ameer has called the Plaintiff a "Putta" which means "Whore" in Spanish. Mr. Ameer used this language because he did not believe the Plaintiff understood; however, she was aware of the meaning of the word.

31.

In order to effectively communicate with staff members, the Plaintiff decided to learn more Spanish.  However, Mr. Ameer did not like the idea of her learning Spanish.

32.

On or around July 22, 2023, the Plaintiff came to work. After a few hours she began throwing up in addition to suffering from a severe headache with dizziness. Mr. Ameer told her to get out of the store. The Plaintiff was not paid for the hours worked and did not receive the tips she earned. The Plaintiff later asked about her compensation, but Mr. Ameer ignored her.

33.

On July 27, 2023, a customer, Sherry LNU, came into the restaurant to purchase food for a homeless woman. The customer paid for the food, but while she was waiting for the food to be prepared, Mr. Ameer called the police on the homeless woman. The Plaintiff bagged and handed the order to the paying customer, Sherry. Mr. Ameer turns and tells the Plaintiff, "use your fucking brain, are you stupid?"

34.

The Plaintiff asked Mr. Ameer not to disrespect her in front of customers. Thirty minutes later Mr. Ameer approached the Plaintiff and told her to not disrespect him like that again. The Plaintiff was confused as to how she disrespected him. She asked him about it, but he did not respond.

35.

On August 5, 2023, the Plaintiff was terminated. Mr. Ameer told the Plaintiff she was incompetent, stupid, and told her to go home.

36.

The Plaintiff insisted she was owed money, however Mr. Ameer told her to leave the premises.

37.

The Plaintiff did not receive any written, verbal, or informal reprimands for poor performance during the course of her employment with the Defendant.

38.

Defendant's actions were the proximate cause of harm suffered by Plaintiff as alleged herein.

## CLAIMS FOR RELIEF

### COUNT I: RACE DISCRIMINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

39.

Plaintiff re-alleges paragraphs 13-38 as if set forth fully herein.

40.

Defendant's actions in subjecting Plaintiff to less favorable terms and conditions of employment constitutes unlawful discrimination on the basis of her

race in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e et seq.

41.

Defendant has willfully and wantonly disregarded Plaintiffs' rights, and its discrimination against Plaintiff was undertaken in bad faith.

42.

Defendant's conduct complained of herein, including Plaintiff's termination, has deprived Plaintiff of equal employment opportunity and has otherwise adversely affected her status as an employee because of her race.

43.

As a direct and proximate result of Defendant's violation of Title VII, Plaintiff has been made the victim of acts that have adversely affected her economic, psychological and physical well-being.

44.

Accordingly, Defendant is liable for the damages Plaintiff has sustained as a result of Defendant's unlawful discrimination.

## COUNT II: RELIGION DISCRIMINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

45.

Plaintiff re-alleges paragraphs 13-38 as if set forth fully herein.

10

46.

Defendant's actions in subjecting Plaintiff to less favorable terms and conditions of employment constitutes unlawful discrimination on the basis of her religion in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e et seq.

47.

Defendant has willfully and wantonly disregarded Plaintiffs' rights, and its discrimination against Plaintiff was undertaken in bad faith.

48.

Defendant's conduct complained of herein, including her termination, has deprived Plaintiff of equal employment opportunity and has otherwise adversely affected her status as an employee because of her religion.

49.

As a direct and proximate result of Defendant's violation of Title VII, Plaintiff has been made the victim of acts that have adversely affected her economic, psychological, and physical well-being.

50.

Accordingly, Defendant is liable for the damages Plaintiff has sustained as a result of Defendant's unlawful discrimination

## COUNT III: RETALIATION IN VIOLATION OF
## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

51.

Plaintiff re-alleges paragraphs 13-38 as if set forth fully herein.

52.

Defendant's actions, as detailed above, in terminating Plaintiff because of her protected activity constitutes unlawful intentional retaliation in violation of Title VII.

53.

Defendant willfully and wantonly disregarded Plaintiffs' rights, and Defendant's retaliation against Plaintiff was undertaken in bad faith.

54.

Accordingly, Defendant is liable for the damages Plaintiff has sustained as a result of Defendant's unlawful retaliation.

## COUNT IV: VIOLATIONS OF 42 U.S.C. § 1981

55.

Plaintiff re-alleges paragraphs 13-38 as if set forth fully herein.

56.

Defendant subjected Plaintiff to discrimination on the basis of her race.

12

57.

Defendant's actions in subjecting Plaintiff to different terms and conditions of employment constitutes unlawful discrimination on the basis of race in violation of 42 U.S.C. Section 1981.

58.

The effect of the conduct was to deprive Plaintiff of economic opportunites, and otherwise adversely effect Plaintiff's status as an employee, because of her race.

59.

As a direct and proximate result of these actions, Plaintiff has been made a victim of acts that adversely affected her psychological and physical well being.

60.

As a direct and proximate result of Defendant's unlawful employment practices, Plaintiff has been embarrassed, humiliated and has suffered damage to her emotional health, and has lost back pay and front pay.

61.

Defendant has willfully and wantonly disregarded Plaintiff's rights, and Defendant's discrimination against Plaintiff was undertaken in bad faith.

62.

Defendant chose not to take appropriate remedial steps to prevent or correct the harassment.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment as follows:

(a) General damages for mental and emotional suffering caused by Defendant's misconduct;

(b) Punitive damages based on Defendant's willful, malicious, intentional, and deliberate acts, including ratification, condonation and approval of said acts;

(c) Reasonable attorney's fees and expenses of litigation;

(d) Trial by jury as to all issues;

(e) Prejudgment interest at the rate allowed by law;

(f) Declaratory relief to the effect that Defendant has violated Plaintiff's statutory rights;

(g) Injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendant from further unlawful conduct of the type described herein; and

(h) All other relief to which Plaintiff may be entitled.

14

Respectfully submitted the 20th day of May, 2024.

**BARRETT & FARAHANY**

/s/ *Matthew C. Billips*
Matthew C. Billips
Georgia Bar No. 057110
Victoria Williamson
*Pro Hac Vice to be filed*

*Attorneys for Tekeyla Singleton*

PO Box 530092
Atlanta, GA 30353
(404) 214-0120
(404) 214-0125 Facsimile
matt@justiceatwork.com
victoria@justiceatwork.com

15